## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ARSENAL RESOURCES DEVELOPMENT LLC, *et al.*, | ) Case No. 19-12347 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) **Ref. Docket No. 17** |

**ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PRE-PACKAGED PLAN; (II) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PRE-PACKAGED PLAN; (III) APPROVING PREPETITION SOLICITATION PROCEDURES AND FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING AND OBJECTION DEADLINE; (IV) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341(A) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***"), (a) scheduling the Combined Hearing, (b) establishing the Objection Deadline, (c) approving the Solicitation Procedures and the Combined Notice, (d) approving the Executory Contract Procedures, (e) conditionally (i) directing the U.S. Trustee to not convene the Creditors' Meeting and (ii) excusing the requirement that the Debtors file SOFAs and Schedules and (f) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each debtor's United States federal tax identification number, are: Arsenal Resources Development LLC (4072); Arsenal Energy Holdings LLC (6279); Arsenal Resources Intermediate Holdings LLC (5901); Arsenal Resources Energy LLC (2820); Arsenal Resources Development Holdings 2 LLC (3020); Arsenal Resources Development Holdings 1 LLC (9647); Arsenal Gas Marketing LLC (1113); Arsenal Midstream LLC (9654); Arsenal Water LLC (2465); Ulysses Gathering LLC (6546); Mar Key LLC (5428); Arsenal Resources LLC (3422); River Ridge Energy Holdings, LLC (8135); River Ridge Energy, LLC (5623); River Ridge Pennsylvania, LLC (5444); River Ridge Operating, LLC (4051); and Seneca-Upshur Petroleum, LLC (9204). The debtors' mailing address is 6031 Wallace Road Ext., Suite 300, Wexford, PA 15090.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

01:25572643.2

Motion and the First Day Declaration; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan) will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, in Courtroom No. 1 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801, **on December 19, 2019 at 10:00 a.m. (ET).** The Combined Hearing may be continued from time to time by this Court without further notice other than adjournments announced in open court or in the filing of a notice or hearing agenda in the Chapter 11 Cases and notice of such adjourned date(s) will be available on the electronic case filing docket.

3. Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the amount and nature of such party's claim or interest, the basis for the objection and the specific grounds thereof; and (iv) be filed with this Court, together with proof of service, no later than **4:00 p.m. (ET) on December 12, 2019** (the "*Objection Deadline*"). Any responses or objections to the assumption of Executory Contracts and Unexpired Leases, if any, must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection and the specific grounds thereof; and (iv) be filed with this Court, together with a proof of service, no later than **4:00 p.m. (ET) on December 12, 2019** (the "*Executory Contract Objection Deadline*"). In addition to being filed with this Court, any responses or objections must be served on the following parties so as to be received by such deadlines: (a) proposed counsel to the Debtors, (i) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Michael H. Torkin and Nicholas E. Baker (michael.torkin@stblaw.com, nbaker@stblaw.com); and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan and Kara Hammond Coyle (Pmorgan@ycst.com, Kcoyle@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (c) counsel to Chambers, as a Term Loan Lender and a Seller Noteholder, Kirkland & Ellis LLP, 609 Main Street, Houston Texas 77002, Attn: Matt Pacey (matt.pacey@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ryan B. Bennett, Travis M. Bayer and Timothy R. Bow

(ryan.bennett@kirkland.com, travis.bayer@kirkland.com and timothy.bow@kirkland.com); (d) counsel to Mercuria, as a Term Loan Lender, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201, Attn: David Meyer, Harry Perrin and Garrick Smith (dmeyer@velaw.com, hperrin@velaw.com and gsmith@velaw.com); (e) counsel to LR-Mountaineer Holdings, L.P., as a Seller Noteholder, Baker Botts L.L.P., 2001 Ross Avenue, Suite 900, Dallas, Texas 75201, Attn: Jim Prince (jim.prince@bakerbotts.com); (f) counsel to the DIP Agent and RBL Agent, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Andrew V. Tenzer (andrew.tenzer@paulhastings.com) and Richards Layton & Finger LLP, One Rodney Square, 920 North King Street, Washington D.C. 19801, Attn: Mark Collins (collins@rlf.com); (g) counsel to the Consenting Equity Holders, Clearly Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean O'Neal and Jane VanLare (soneal@cgsh.com, jvanlare@cgsh.com); (h) counsel to any Committee appointed in the Chapter 11 Cases; and (i) any other party that has filed a request for notices with this Court.

4.     **Any objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled.**

5.     The Debtors and any other parties supporting confirmation of the Plan may file reply briefs in response to any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan by 10:00 a.m. (prevailing Eastern Time) on December 17, 2019. The Debtors and any other parties supporting confirmation of the Plan may file reply briefs in response to any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases by 10:00 a.m. (prevailing Eastern Time) on December 17, 2019.

01:25572643.2

6. The Proposed Confirmation Schedule, as set forth below, is hereby approved in its entirety, and this Court hereby finds the Proposed Confirmation Schedule is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| Event | Date/Deadline |
|---|---|
| Voting Record Date | November 6, 2019 |
| Commencement of Solicitation | November 7, 2019 |
| Voting Deadline | November 7, 2019, at 5:00 p.m. (Prevailing Eastern Time) |
| Petition Date | November 8, 2019 |
| Combined Hearing Notice Date | November 13, 2019 |
| Plan Supplement Filing Deadline | December 5, 2019 |
| Plan/Disclosure Statement Objection Deadline | December 12, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Executory Contract Objection Deadline | December 12, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Plan/Disclosure Statement Reply Deadline (including, to the extent applicable, replies to any Executory Contract Procedures objections) | December 17, 2019, at 10:00 a.m. (Prevailing Eastern Time) |
| Deadline to file proposed confirmation order | December 17, 2019, at 10:00 a.m. (Prevailing Eastern Time) |
| Deadline to file brief in support of confirmation | December 17, 2019, at 10:00 a.m. (Prevailing Eastern Time) |
| Combined Hearing | December 19, 2019, at 10:00 a.m. (Prevailing Eastern Time) |

7. The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadline (and related procedures) with the notice of commencement of the Chapter 11 Cases.

8. Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice, substantially the form attached hereto as <u>Exhibit 1</u>, shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given. The Debtors shall cause the Voting Agent to mail a copy of the Combined Notice to the parties set forth in the Motion by the next business day following the entry of this Order or as soon as reasonably

01:25572643.2

possible. The notice procedures set forth in this paragraph 8 comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan, and are hereby approved.

9. The Debtors are authorized to mail the Combined Notice to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders a copy of the Plan or the Disclosure Statement and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders.

10. The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(a), to provide the Publication Notice of the Combined Hearing and Objection Deadline (in a form substantially similar to the Combined Notice modified for publication or a summary thereof) as soon as reasonably practicable following the entry of this Order in the national edition of *The New York Times* or another nationally-circulated newspaper and/or regional newspapers and electronically on the Debtors' case information website (located at http://cases.primeclerk.com/arsenal), and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail.

11. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages in soliciting acceptances and rejections of the Plan as set forth in the

01:25572643.2

Motion are conditionally determined to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and are conditionally approved.

12. The Ballots, substantially in the forms attached to the Motion as <u>Exhibits B-1</u> through <u>B-4</u> are conditionally approved.

13. The Executory Contract Procedures are conditionally approved.

14. Subject to entry of a final order, without amending or altering any prior order of this Court approving the assumption or rejection of any Executory Contracts and Unexpired Leases, entry of the Confirmation Order by this Court shall constitute approval of the assumptions or rejections, as applicable, pursuant to sections 365(a) and 1123 of the Bankruptcy Code. To the maximum extent permitted by law, to the extent that any provision in any Executory Contract or Unexpired Lease assumed, or amended and assumed, and, in either case, potentially assigned, pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption, or amendment and assumption, and, in either case, the potential assignment of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

15. The Debtors shall serve each non-Debtor party to an Executory Contract or Unexpired Lease that the Debtors propose to assume or reject with the Combined Notice substantially in the form attached hereto as <u>Exhibit 1</u>.

16. The meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "*Creditors' Meeting*") shall be deferred unless the Plan is not confirmed on or before the

Waiver Deadline, without prejudice to the Debtors' rights to seek further extensions thereof. The Creditors' Meeting shall be waived provided that Confirmation occurs on or before the Waiver Deadline.

17. Cause exists to extend the time by which the Debtors must file SOFAs and Schedules until the Waiver Deadline, without prejudice to the Debtors' rights to request further extensions thereof; *provided*, that the requirement that the Debtors file SOFAs and Schedules shall be permanently excused effective upon the date of confirmation of the Plan.

18. Without limiting the foregoing, the Debtors may further extend the deadline to convene the Creditors' Meeting and file Schedules and SOFAs without filing a supplemental motion, and without further order from this Court, *provided* that the Debtors obtain the advance written consent of the U.S. Trustee.

19. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

20. The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Order shall be immediately effective and enforceable upon its entry.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

22. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

01:25572643.2

23. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

24. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Wilmington, Delaware
Dated: November 12, 2019

_____
Brendan L. Shannon
United States Bankruptcy Judge

01:25572643.2